OPINION
Wayne Lundberg is appealing his conviction in the Municipal Court of Miamisburg in Montgomery County, Ohio for violating a civil protection order.
In early 2001, Wayne and Rebecca Lundberg[1] separated and filed for divorce. Each party obtained a civil protection order against the other. The civil protection orders provided an exception which permitted the parties to communicate regarding their three children. Wayne had custody of all three children. However, in April of 2001, the parties' youngest child, their three year old daughter, spent five and a half days out of the week with Rebecca because Wayne could not provide day care. On April 14, 2001, Wayne arrived at Rebecca's apartment. According to Rebecca, she had not spoken to Wayne on April 14 other than to state that she wanted to waive her scheduled visitation that Saturday. Rebecca testified that at about 9 o'clock that evening Wayne and their son barged into her apartment without knocking and Wayne demanded that she sign certain tax papers. Rebecca testified that when she refused to sign the papers, an argument ensued and Wayne took their children and left. After Wayne left, Rebecca called the police and reported that Wayne had violated the civil protection order by coming to her apartment unannounced. Wayne was arrested that evening for violating the civil protection order.
Wayne also testified at trial. According to Wayne, the parties had prearranged during the previous week for Wayne to pick up his daughter from Rebecca on Saturday so that he could spend Sunday with her. On Friday, Rebecca had gotten angry with him for not taking her out for a date and he had not been able to contact her on Saturday until approximately 8:00 p.m. Wayne testified that he spoke with Rebecca and told her that he wanted to come and pick up their daughter and she agreed. Wayne testified that when he arrived at Rebecca's residence he had brought their seven year old son and was offering to allow their son to visit with Rebecca while their daughter was staying with him. Wayne testified that when their son knocked on the door it opened and their son entered the apartment. Wayne testified that he was greeting his daughter when Rebecca appeared and started an argument with him. Wayne stated that he then left with both of their children. Wayne admitted that he had brought the tax papers with him for Rebecca to sign but that it was merely incidental to the exchange of the children.
A bench trial was held on August 8, 2001, and a decision and entry finding him guilty of the charge was filed on August 21, 2001. Wayne was sentenced on September 25, 2001, to probation and fined $150.00 plus court costs. Wayne has filed this appeal from the judgment.[2]
Wayne did not provide explicit assignments of error. However, he appears to argue that his conviction was against the manifest weight of the evidence because Rebecca's testimony lacked credibility and that he received ineffective assistance of counsel because his counsel failed to inquire appropriately to establish Rebecca's lack of credibility. We disagree.
This Court has stated the following when reviewing a lower court decision under a manifest weight standard of review:
 [I]n weight of the evidence challenges, an appellate court [reviews] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. While Thompkins explicitly permits this court to consider credibility when confronted with an argument that the verdict is against the manifest weight of the evidence, such consideration is not unbounded. We explained the limited role of an appellate court in reviewing issues of credibility in weight of the evidence challenges as follows:
 Because the factfinder, be it the jury or * * * the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses. Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in Thompkins, supra, we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence — in short, how persuasive it is.
 State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported.
State v. Sherrill (Jan. 28, 2000), Montgomery App. No. 17359, unreported.
In the instant case, the evidence against Wayne was essentially Rebecca's testimony as Wayne's testimony presented a different version of events. Even though the evidence against Wayne was weak, the trial court was in the best position to observe the demeanor of the witnesses and hear their testimony. The trial court apparently found Rebecca's testimony to be more credible. Therefore, a decision on the credibility of witnesses by a factfinder is given great deference by this court. Further in evaluating the credibility of Rebecca, Wayne urges us to consider evidence which is outside of the record, such as phone records, Rebecca's poor credit history, her criminal record, her alcohol problems, and her emotional and mental problems. We cannot consider evidence not in the record in deciding an appeal. State v. Green (2000),90 Ohio St.3d 352, 375. Thus, as the trial court was in the best position to assess the credibility of Rebecca and Wayne in their testimony, we cannot say that the trial court's judgment that Wayne was guilty of violating the civil protection order was against the manifest weight of the evidence. Wayne's first assignment of error is without merit and is overruled.
Additionally, Wayne argues that his counsel was ineffective for failing to point out Rebecca's lack of credibility during cross examination. We disagree.
In order to obtain a reversal of a conviction based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that this deficient performance prejudiced the defendant to such a degree as to deny the defendant a fair trial.Green, supra at 375 citing Strickland v. Washington (1984), 466 U.S. 668,687. The defendant bears the burden of proof on both prongs because a properly licensed attorney is presumed competent in Ohio. State v.Jackson (1980), 64 Ohio St.2d 107, 111, 18 O.O.3d 348.
Wayne argues that his trial counsel was not fully prepared for his trial and as a result did not establish Rebecca's lack of credibility through cross-examination. Wayne argues that Rebecca lacks credibility because she has a history of credit abuse, has a criminal history, has an alcohol abuse problem, and emotional and mental problems. Wayne asserts that his counsel failed to bring out these issues demonstrating Rebecca's lack of credibility when cross examining her. Further, Wayne asserts that his counsel failed to subpoena phone records from Rebecca's home that would establish that Rebecca telephoned him several times on April 14 and in the week prior and would contradict Rebecca's testimony that she did not contact him. However, Wayne does not provide what evidence his counsel could have presented to demonstrate the above issues which would attack Rebecca's credibility. Arguably, the evidence of these issues may have not been admissible. Additionally, this evidence is outside of the record and cannot be considered by this Court on appeal.Green, supra. Moreover, Wayne has not established that the outcome of his trial would have been different if his counsel had attempted to cross-examine Rebecca regarding the above issues. Wayne testified at trial regarding his version of the events on the night of April 14, but the trial court apparently found him lacking in credibility as it believed Rebecca's version of events. Thus, as Wayne cannot establish that the outcome of the trial would have been different if his counsel had attempted to attack Rebecca's credibility, Wayne cannot establish that he received ineffective assistance of counsel. Wayne's second assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
BROGAN, J., and FAIN, J., concur.
[1] In the interest of clarity, we will hereinafter refer to the parties by their first names.
[2] We note that Mr. Lundberg's appellate brief is single spaced and therefore in violation of App.R. 19. However, we will not reject the brief because it is so concise.